# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL A. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 20-1039-JWL |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this action pro se[1] on February 10, 2020 seeking judicial review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying his Social Security Disability claim. (Doc. 1). The court denied Plaintiff's In Forma Pauperis motion because his Affidavit of Financial Status was so ambiguous as to prevent the court deciding whether it should grant the motion. It ordered Plaintiff to clarify the ambiguities and reapply by February 28, 2020 or to pay the filing fee in this case no later than March 13, 2020. (Doc. 4). On March 17, 2020, the court ordered him to show cause to this court no later than April 6, 2020 why this case should not be dismissed in

---

[1] Because he appears pro se, the court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for him. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

accordance with Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules for failure to prosecute this case and for failure to obey the order of this court. (Doc. 5). It is now a week beyond the deadline and Plaintiff has still not responded to the court's orders.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." Id. (quotation omitted). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective. Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)). "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has not been served with process in this case and has suffered no prejudice by Plaintiff's failure to actively prosecute this case except for potential losses of the record during the delay. The second factor somewhat

supports dismissal of this action. The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process. The court has invested time and effort into shepherding this case toward service of process, without success. Plaintiff's lack of response so far suggests that no amount of time or effort on the court's part will result in clarification of his financial condition or payment of the filing fee in this case.

This leads to consideration of the third factor which focuses on the plaintiff's culpability. The third factor weighs most heavily in favor of dismissal. As is more fully laid out above, Plaintiff has failed to prepare an unambiguous statement of his financial condition and has not responded to the court's Order to Show Cause.

The fourth factor is also satisfied. The court's latest "Order to Show Cause" specifically warned Plaintiff that his failure to respond could result in dismissal of his case. (Doc. 5).

Finally, the court considers the efficacy of lesser sanctions. The court has been unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case. After carefully reviewing the record before the court, the history of this case, and Plaintiff's lack of response to any of the court's orders, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five <u>Ehrenhaus</u> factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. This case is interfering with the judicial process because it lingers on the court's docket

without any progress toward resolution. Plaintiff's culpability for this predicament is high, as he has been informed of his obligation to prepare an unambiguous financial affidavit or pay the filing fee in this case and has provided no response to the court's Order to Show Cause. The court warned plaintiff that his failure to respond could result in dismissal and yet he has not done so. At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated April 13, 2020, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**